FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

2017 MAR -6 PM 2:10

CASE NO.:
3:17-cv-254-J-32PDB

DOUGLAS LONGHINI, individually, )
)
Plaintiff, )
)
v. )
)
ANDSON, LLLP a/k/a ANDSON PLAZA )
and SANDWICH DEPOT, LLC., )
)
Defendants. )
_____)

## COMPLAINT

Plaintiff DOUGLAS LONGHINI ("Plaintiff"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("ADA") and the Americans with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("ADAAG"), hereby sues Defendants ANDSON, LLLP a/k/a ANDSON PLAZA ("Defendant Andson Plaza") and SANDWICH DEPOT, LLC ("Defendant Sandwich Depot") (Collectively "Defendants") for injunctive relief and states:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Middle District of Florida.

## PARTIES

3. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

4. Plaintiff is a qualified individual under the ADA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

5. Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

6. Defendant Andson Plaza is a Florida Limited Partnership having its main place of business in Duval County, Florida.

7. Defendant Andson Plaza is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 6110 Powers Avenue, Jacksonville, Florida 32217, Folio No. 1243857.0000 (the "**Subject Premises**" or "**Facilities**" or "**Shopping Center**").

8. Defendant Sandwich Depot is a Florida Limited Liability Company having its main place of business in Duval County, Florida.

9. Defendant Sandwich Depot is the owner, lessee or operator of the restaurant known as Sandwich Depot located on the Subject Premises with the specific address 6120 Powers Ave # 4, Jacksonville, FL 32217.

## GENERAL ALLEGATIONS

10. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a shopping center.

11. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

12. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

13. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

14. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

15. In or about 2017, Plaintiff visited the Subject Premises to conduct business—i.e., purchase food at the restaurant and visit the shopping center —and encountered architectural barriers to access the Subject Premises.

16. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA violations.

17. Plaintiff was not able to access, among other things, parking, entrance, path of travel, and public restrooms at the Subject Premises without encountering architectural barriers.

18. Plaintiff intends to return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises and therefore cannot provide an exact date he will return the Subject Premises.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

19. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

20. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants if said violations are not corrected and made compliant.

21. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

22. Plaintiff intends to visit the Subject Premises again, not only to visit the restaurant and the shopping center, but to assure himself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

23. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA because he intends on returning to the Subject Premises in the near future.

24. Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

25. Defendants are in violation of the ADA and ADAAG and are discriminating against Plaintiff as a result of the following violations:

## DEFENDANT ANDSON PLAZA

### Parking

a. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

b. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces were located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### Entrance Access and Path of Travel

c. The Plaintiff had difficulty entering tenant spaces without assistance, as the door thresholds were too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

e. The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily available.

f. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

g. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

h. The Plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## DEFENDANT ANDSON PLAZA AND DEFENDANT SANDWICH DEPOT

### Public Restrooms

j. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

k. The Plaintiff had difficulty using the restroom door without assistance, as the door hardware requires tight grasping and twisting of the wrist to operate. Violation: The restroom door has improper hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

l. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

m. The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

n. The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Section 308.2 of the 2010 ADA Standards, whose resolution is readily achievable.

o. The Plaintiff could not use the toilet compartment without assistance, as one of the required size is not provided: Violation: The toilet compartments provided for public use at the facility are in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.8.1 of the 2010 ADA Standards, whose resolution is readily achievable.

p. The Plaintiff could not close the accessible toilet compartment door, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

q. The Plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

r. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

s. The Plaintiff could not use the lavatory as the required knee clearance was not provided. Violation: The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG and Section 306.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

26. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

27. By encountering the discriminatory conditions at Defendants' Facilities, and knowing that it would be a futile gesture to return unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

28. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

29. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

30. Plaintiff demands a non-jury trial on all issues to be tried herein.

## COUNT
## CLAIM FOR INJUNCTIVE RELIEF
### (Against all Defendants for ADA Violations)

31. Plaintiff re-avers and incorporates paragraphs 1–30 as if fully set forth herein.

32. This action arises pursuant to the ADA.

33. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing ADA violations.

34. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

35. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

36. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DOUGLAS LONGHINI respectfully requests this Court issue a permanent injunction enjoining Defendants ANDSON, LLLP a/k/a ANDSON PLAZA and SANDWICH DEPOT, LLC from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 1st day of March, 2017.

**[SIGNATURE BLOCK ON NEXT PAGE.]**

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

Respectfully submitted,

By:    <u>s/ Rafael Viego III</u>
       Rafael Viego III, Esq.
       Florida Bar No. 60967
       **FEDERAL DISABILITY ADVOCATES**
       *Attorneys for Plaintiff*
       4300 Biscayne Boulevard, Suite 305
       Miami, Florida 33137
       Telephone:   (305) 717-7530
       Facsimile:    (305) 717-7539
       E-mail: <u>rviego@jltrial.com</u>
       E-mail: <u>eservice@jltrial.com</u>

MEL/RV/lp
0006.072